UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VINCENT DANIEL GARCIA,<br><br>                Plaintiff,<br><br>vs.<br><br>IDAHO STATE CORRECTIONAL CENTER, G-BLOCK CORRECTION OFFICERS, IDAHO DEPARTMENT OF CORRECTION, STATE OF IDAHO, JAY CHRISTENSEN, and ADAM MILLER,<br><br>                Defendants. | Case No. 1:20-cv-00001-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Vincent Daniel Garcia was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Complaint, the Court has determined that Plaintiff will be permitted to proceed in a limited manner.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## REVIEW OF COMPLAINT

1. **Factual Allegations**

On May 6, 2019, Plaintiff was a prisoner in custody of the Idaho Department of Correction (IDOC), residing at the Idaho State Correctional Center (ISCC). He was taking a walk on close custody maximum Tier G-1, when an STG gang member attacked him. Plaintiff was knocked unconscious for 20 minutes, was in a coma for a month, suffered broken facial bones that had to repaired with screws, developed a seizure disorder, suffered brain damage, and lost his eyesight as a result of the attack.

Plaintiff asserts that the entire incident was captured on video, and that six to eight correctional officers did nothing or not enough to stop the attack and mitigate Plaintiff's injuries. In response to Plaintiff's grievance, prison officials asserted that the place he was attacked had low visibility. This fact may cut against them if Plaintiff can show that they knew of, or should have discovered, but failed to remedy the low visibility area. Plaintiff also asserts that inmates often select a shift change to proceed with an attack. He does not assert whether prison officials knew that.

Plaintiff asserts federal civil rights and state law negligence claims. He seeks monetary damages and medical treatment.

2. **Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. at 678. In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The Eighth Amendment to the United States Constitution protects prisoners who are convicted felons against cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must state facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

Plaintiff must also allege facts showing that Defendants were deliberately

indifferent to his needs. "[D]eliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Prison officials who act with deliberate indifference "to the threat of serious harm or injury" by one prisoner against another are subject to liability under the Eighth Amendment through § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal quotation marks, citation, and alterations omitted). Although even an obvious danger does not result in liability if the official is not subjectively aware of it, a prison official cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843.

3. **Discussion of Federal Claims**

    A. ***Defendants Idaho State Correctional Center, Idaho Department of Correction, and State of Idaho***

    The state of Idaho and branches of the state government, including the IDOC and

the ISCC, are immune from suit in federal court. In *Hans v. Louisiana*, 134 U.S. 1 (1890), the Supreme Court of the United States held that the Eleventh Amendment of the United States Constitution prohibits a federal court from presiding over a suit brought by a citizen against a state. The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

That is, the "Eleventh Amendment immunity that [state entities] may claim as dependent instrumentalities of [the state] shields them from claims for both monetary and non-monetary relief." *Rounds v. Oregon State Bd. of Higher Education*, 166 F.3d 1032, 1036 (9th Cir. 1999). Therefore, a plaintiff may not proceed against the state of Idaho or the state entities on either his federal or his state law claims in federal court. *See Rivera, PPA v. Commonwealth of Mass.*, 16 F.Supp. 2d 84 (D. Mass. 1998).[1]

**B.** *Defendant Jay Christensen*

Jay Christensen was warden of the ISCC when Plaintiff was attacked. There are no allegations in the Complaint showing that he knew of or personally participated in the conditions that led to the attack. If Christensen merely responded to Plaintiff's grievance

---

[1] In *Rivera*, the court reasoned:

> The federal supplemental jurisdiction statute, 28 U.S.C. § 1367, provides this Court with jurisdiction over state law claims that form part of the same case or controversy as other claims, *e.g.*, the § 1983 claims in this case, over which original jurisdiction does exist. However, this statutory grant can neither permit refashioning of the predicates for state-based claims nor expand the jurisdictional boundaries set forth in Article III and the Eleventh Amendment of the United States Constitution.

16 F.Supp. 2d at 85-86.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

after the attack, he has no liability, as there was no way for him to prevent the attack after the fact. Therefore, Plaintiff cannot proceed against him.

Should Plaintiff discover facts showing that the warden personally participated in the failure to protect Plaintiff before the assault, then he may file a motion to amend his complaint, with a proposed amended complaint that sets forth those allegations. The standard of law for stating a claim regarding supervisory officials was set forth succinctly in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). There, the United States Court of Appeals for the Ninth Circuit clarified that a supervisory defendant may be held liable under § 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 1207. Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1207-08 (internal quotations and punctuation omitted).

### C. *Defendant Adam Miller and G-Block Officers*

Defendant Adam Miller appears to have been the sergeant in charge of G-Block at the time of Plaintiff's injuries. The Court will liberally construe Plaintiff's claim to state an Eighth Amendment failure to protect claim against Adam Miller, based on the allegation that prison officials permitted a low visibility area on Tier G-1 to exist and left it

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

unattended. To maintain his suit against Miller, Plaintiff will be required to show that Miller personally participated in the acts or omissions that had a causal link to Plaintiff's injuries, either as a supervisor (under the *Starr v. Baca* guidelines, above) or as someone who was present on the tier at the time of the injuries. Merely responding to a grievance is not enough.

Defendant Miller will be required to disclose the identities of those officers working on the tier when Plaintiff was assaulted. At that point, Plaintiff can amend his Complaint to include their names. At this time, he may not proceed against unknown officers.

### 4. Discussion of State Law Claims

Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims ordinarily expected to be tried in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Plaintiff states that Defendants acted negligently before and during the attack on Tier G-1. To state a claim for negligence, a plaintiff must provide adequate factual allegations showing the following: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of the defendant's duty; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage." *Nelson v. Anderson Lumber Co.*, 99 P.3d 1092, 1100 (Idaho Ct. App. 2004). The Court will permit Plaintiff to proceed against Adam Miller under a state law

negligence theory, but Plaintiff must add a separate cause of action in his amended complaint to clarify the facts supporting this cause of action, which is different from an Eighth Amendment civil rights claim. He will also need to do the same once he knows the identities of the specific officers who worked at the time of the attack, if Plaintiff discovers facts supporting such a claim.

In addition, Plaintiff will need to provide sufficient evidence that he complied with the provisions of the Idaho Tort Claims Act (ITCA), Idaho Code § 6-901, *et seq.*, should Defendants assert that he did not. Idaho Code § 6-905 requires: "All claims against the state arising under the provisions of this act and all claims against an employee of the state for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the secretary of state within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later."

5. **Conclusion**

Plaintiff may proceed against Defendant Adam Miller on Eighth Amendment failure to protect and state law negligence claims. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

### 6. Request for Appointment of Counsel

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff asserts that he is blind and handicapped, which makes it difficult to pursue his case. Providing physical help to prepare pro se pleadings and papers is a different question from whether appointment of counsel is necessary. It is the prison's duty to provide a sufficient access-to-the-courts delivery system for all of its prisoners, including those with disabilities. Plaintiff shall work through the prison legal resource center paralegal to ensure that his disabilities are accommodated, including providing a scribe, if needed.

As to appointment of counsel, to date, Plaintiff has articulated his claims sufficiently. Almost no prisoners have legal training or access to broad legal resources. Plaintiff's primary task in this case is to bring forward *facts* supporting the claims; it is not necessary to provide legal argument or citations. This Order and any motions for dismissal or for summary judgment contain the elements of the causes of action. Each element needs factual support. Additional factual support can be obtained through the disclosure and discovery procedures.

Defendants have been ordered to voluntarily produce to Plaintiff all relevant information and documents to which they have access. Plaintiff may draft simple

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

interrogatories or requests for production to be mailed directly to Defendants' counsel for a response from Defendants if Plaintiff believes he needs further information from Defendants to meet the elements of his case.

The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment at a later date if the case appears meritorious after the Court has had an opportunity to review Defendants' defenses and the parties' evidence concerning the facts of the case. Plaintiff is encouraged to seek private counsel on a contingency fee basis during the course of this case.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (Dkt. 4) is DENIED without prejudice. When the Court has additional evidence before it regarding the claims, it will revisit this request without the need for Plaintiff to file another request.

2. Plaintiff may proceed on the Eighth Amendment claim and state law negligence claim against Defendant Sergeant Adam Miller. All other claims against all other Defendants are DISMISSED, and all other Defendants are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.[2]

---

[2] Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that

3. Defendant Adam Miller shall be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court shall forward a copy of the Complaint (Dkt. 3), and a copy of this Order, and a Waiver of Service of Summons to the following counsel:

> **Mark Kubinski**
> Deputy Attorney General for the State of Idaho
> Idaho Department of Corrections
> 1299 North Orchard, Ste. 110
> Boise, Idaho 83706

4. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

5. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them may be dismissed without prejudice without further notice.

---

the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

6. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

7. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

8. Dispositive motions must be filed no later than 300 days after entry of this Order.

9. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

10. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules

of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

12. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

13. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

14. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: May 1, 2020

_____
David C. Nye
Chief U.S. District Court Judge