UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VINCENT DANIEL GARCIA,<br><br>                Plaintiff,<br><br>vs.<br><br>SEGEANT ADAM MILLER,<br>WARDEN JAY CHRISTENSEN,<br>CASE MANAGER MICHAEL RICE,<br>IDOC DIRECTOR JOSH TEWALT,<br><br>                Defendants. | Case No. 1:20-cv-00001-BLW<br><br>**SUCCESSIVE REVIEW ORDER** |

The Court now reviews the Amended Complaint of Plaintiff Vincent Daniel Garcia. (Dkt. 20.) He was previously authorized to proceed on federal and state law failure to protect claims against Defendant Adam Miller only. (Dkts. 3, 8.)

Plaintiff asserts that Defendant Michael Rice, his case manager, overrode Plaintiff's medium-custody status and placed him in closed-custody status, to be housed with violent offenders and gang members, despite Plaintiff's verbal requests that Rice not change his custody status. Rice allegedly ignored Plaintiff's safety concerns.

Plaintiff alleges that Defendant Jay Christensen knew that members of rival gangs were going to conduct assaults on Plaintiff's tier, but he did nothing to take precautions to place security staff on the tier. Plaintiff further alleges that Defendant Christensen

**SUCCESSIVE REVIEW ORDER - 1**

knew that there was a "blind spot" that was not visible under existing camera surveillance, but did nothing to remedy that circumstance; this "blind spot" was the place where Plaintiff was attacked. He seeks monetary damages from Defendant Christensen in his individual capacity and prospective injunctive relief from him in his official capacity.

Plaintiff alleges that the state of Idaho has policies or customs that tiers be monitored only by "indirect observations by control staff and staff monitoring of cameras." (Dkt. 20-2, p. 3.) He also alleges that there is a policy of "completing timely regular tier checks," and infers from this that there is a state policy of not doing anything else *but* tier checks. (*Id*.) However, Plaintiff has provided no factual allegations linking Director Tewalt to tier supervision at this particular institution or to the creation and implementation of the alleged policies or customs applicable to Plaintiff's institution. Therefore, Plaintiff cannot proceed against Director Tewalt in his individual capacity.

Plaintiff's policy or custom claims against Director Tewalt in his official capacity would permit Plaintiff to seek prospective injunctive relief only. A policy claim against a state actor in his official capacity does not permit a plaintiff to assert a claim for monetary damages, which is barred by the Eleventh Amendment. Director Tewalt is not a necessary defendant in this action for prospective injunctive relief, because Warden Christensen, Plaintiff's direct custodian, is a state official who can implement any award of prospective injunctive relief that Plaintiff might obtain in this action. For all of these reasons, Plaintiff cannot proceed against Director Tewalt.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend Prisoner Civil Rights Complaint (Dkt. 19) is GRANTED in part and DENIED in part, as specified above.

2. The Clerk of Court shall send waivers of service of summons, a copy of the Second Amended Complaint (Dkt. 20), and a copy of this Order, on behalf of the newly-added Defendants, Jay Christensen and Michael Rice, to counsel for Defendant Adam Miller.

3. Josh Tewalt is terminated as a party to this action.

4. Plaintiff and the new Defendants shall follow the existing Standard Disclosure and Discovery Order (Dkt. 7) previously entered in this case, superseded in part only by these deadlines for discovery and disclosures for those claims against the new Defendants: supplemental disclosures shall be due **60 days** after the new Defendants file an answer; the discovery deadline shall be **120 days** after the new Defendants file an answer; and the dispositive motion deadline shall be **150 days** after the new Defendants file an answer.

5. Plaintiff is no longer in prison. He shall begin to pay any remaining balance on his filing fee to the Clerk of Court at the rate of $10.00 every month, no later than the last day of the month. Failure to take financial responsibility for his case may result in its dismissal.

DATED: November 4, 2020

_____
B. Lynn Winmill
U.S. District Court Judge